**WO**                                                                                      RP

**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles L. Johnson, | No. CV 09-971-PHX-GMS (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Jail Medical Department, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's First Amended Complaint (Doc. #9) (Amended Complaint). The Court will call for an answer to the Amended Complaint.

**I.     Procedural Background**

On May 8, 2009, Plaintiff Charles L. Johnson, who is confined in the Arizona State Prison Complex-Lewis, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). Plaintiff did not immediately pay the $350.00 civil action filing fee but filed a deficient Application to Proceed *In Forma Pauperis* (Doc. #3). By Order filed May 21, 2009 (Doc. #4), the Court denied the Application to Proceed *In Forma Pauperis* without prejudice and gave Plaintiff 30 days to pay the fee or file a new, completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

On June 1, 2009, Plaintiff filed an uncertified Application to Proceed *In Forma Pauperis* (Doc. #5), which did not include a certified six-month trust account statement.

Then, on June 10, 2009, the $350.00 filing fee was paid (Doc. #6).

By Order filed November 24, 2009 (Doc. #8), the Court denied the uncertified Application to Proceed *In Forma Pauperis* (Doc. #5) and dismissed the Complaint (Doc. #1) for failure to state a claim upon which relief may be granted. Plaintiff was given 30 days from the filing date of the Order to file a first amended complaint in compliance with the Order.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

**III. Amended Complaint**

On December 4, 2009, Plaintiff filed his Amended Complaint (Doc. #9). Plaintiff should take notice that all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider only those claims specifically asserted in Plaintiff's Amended Complaint with respect to only the Defendants specifically named in the Amended Complaint.

Named as Defendants in the Amended Complaint are the following employees at the Maricopa County Fourth Avenue Jail: (1) Nurse Pam (CA 817), Head Nurse; and (2) John Doe, Health Care Administrator.

Plaintiff alleges two counts in the Amended Complaint in which he claims that his Fourteenth Amendment rights have been violated. Plaintiff seeks a jury trial, declaratory relief, compensatory and punitive monetary damages, and costs and fees associated with this action.

**IV. Discussion**

**A. Count I**

In Count I, Plaintiff claims that his Fourteenth Amendment rights were violated by Defendant Nurse Pam (CA 817) when she was deliberately indifferent to Plaintiff's serious medical needs by "repeatedly ignoring Plaintiff's complaints that he needed a new catheter and that his old one was causing infection, by failing and/or refusing to order a proper sized catheter or refer Plaintiff to a person qualified to do so, by repeatedly proffering a wrong sized catheter to Plaintiff and expecting him to make do with it, and by simply shrugging when he complained about it." Plaintiff alleges that he needed to "be catheterized in order to urinate" because of a "serious prostate condition" and that he "experienced repeated prostate infections that were both extremely painful and disgusting due to his being forced to use an old, used catheter."

Liberally construed, Plaintiff has stated a claim for relief against Defendant Nurse

1 Pam in Count I. Accordingly, the Court will require Defendant Nurse Pam to answer Count I of the Amended Complaint.

### B. Count II

In Count II, Plaintiff claims that his Fourteenth Amendment rights were violated by Defendant John Doe when, as the Health Care Administrator of the Maricopa County Fourth Avenue Jail, he was deliberately indifferent to Plaintiff's serious medical needs "by failing and/or refusing to provide Plaintiff with a proper sized catheter and by refusing to schedule an appointment with a urologist" for Plaintiff. Plaintiff alleges that "the jail doctor referred Plaintiff to an outside urologist at the time his prostate first became infected," but that "throughout his entire incarceration no appointment was ever scheduled" and Plaintiff "was advised by medical personnel that Defendant John Doe refused to honor the referral due to budgetary and administrative considerations and restrictions." Plaintiff alleges that he "experienced extreme pain, suffering and anguish because he was forced to use an old, used catheter and because he was not referred to a urologist to treat his serious medical condition."

Liberally construed, Plaintiff has stated a claim for relief against Defendant John Doe in Count II. However, the Court will not direct that service be made on Defendant John Doe at this time.

Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980)). Accordingly, Plaintiff may use the discovery processes to obtain the name of John Doe. If

Plaintiff discovers the true identity of this fictitious party through the discovery process, or otherwise, he may seek leave of the Court to amend his Amended Complaint to name the individual in place of Defendant John Doe.

**V. Warnings**

    **A. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B. Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **C. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendant Nurse Pam (CA 817) **must answer** Count I of the Amended Complaint (Doc. #9).

(2) The Clerk of Court **must send** to Plaintiff a service packet including the Amended Complaint (Doc. #9), this Order, and both summons and request for waiver forms for Defendant Nurse Pam (CA 817).

(3) Plaintiff **must complete and return** the service packet to the Clerk of Court within **20 days** of the date of filing of this Order. The United States Marshal will not provide

1 | service of process if Plaintiff fails to comply with this Order.

2 | (4) **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on Defendant Nurse Pam (CA 817) within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(5) The United States Marshal **must retain** the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(6) The United States Marshal **must notify** Defendant Nurse Pam (CA 817) of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant Nurse Pam (CA 817) must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant Nurse Pam (CA 817) within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Amended Complaint, and this Order upon Defendant Nurse Pam (CA 817) pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

///

(7) **If Defendant Nurse Pam (CA 817) agrees to waive service of the Summons and Amended Complaint, she must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(8) Defendant Nurse Pam (CA 817) **must answer** Count I of the Amended Complaint (Doc. #9) or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(9) This matter is **referred** to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 4th day of March, 2010.

G. Murray Snow
United States District Judge