| | |
|---|---|
| WO | **JWB** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Charles L. Johnson, )  No. CV 09-0971-PHX-GMS (ECV)
)
    Plaintiff, )  **ORDER**
)
vs. )
)
Nurse Pam, )
)
    Defendant. )
)

Plaintiff Charles L. Johnson brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Nurse Pam (CA 817) (Doc. # 9). Defendant moves to dismiss Plaintiff's Complaint for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA) (Doc. # 13). The motion is fully briefed (Doc. ## 15-16). The Court will deny Defendant's motion.

**I.   Background**

Plaintiff's claim stems from his incarceration at the Fourth Avenue Jail in Phoenix, Arizona (Doc. # 9 at 1). In Count I, Plaintiff alleged that Defendant was deliberately indifferent to Plaintiff's serious medical needs by "repeatedly ignoring Plaintiff's complaints that he needed a new catheter and that his old one was causing infection, by failing and/or refusing to order a proper sized catheter or refer Plaintiff to a person qualified to do so, by repeatedly proffering a wrong sized catheter to Plaintiff and expecting him to make do with it, and by simply shrugging when he complained about it." The Court required Defendant

to answer Count I of the First Amended Complaint and she filed a Motion to Dismiss (Doc. # 10 at 5; Doc. # 13).[1]

## II. Motion to Dismiss

In support of her exhaustion argument, Defendant submits the affidavit of Susan Fisher, a Sergeant assigned to the Inmate Hearing Unit (id., Ex. A, Fisher Decl. ¶ 1). She describes the MCSO grievance procedures, which are set out in Policy DJ-3, Inmate Grievance Procedure, and attached as Exhibit A1 (id. ¶¶ 3-4, Ex. A1). According to Fisher and the provisions in Policy DJ-3, the 3-tiered grievance system for medical grievances includes: (1) an initial grievance and decision by the Bureau Hearing Officer; (2) an Institutional appeal to the Nurse Manager; and (3) the External appeal (id.). Fisher attests that inmates are notified of these grievance procedures when they receive the "MCSO Rules and Regulations for Inmates" (id. ¶ 5).

Fisher avers that, according to the sheriff's office grievance records, Plaintiff filed a grievance as to his claim that Defendant refused to provide Plaintiff with a new catheter. Fisher further attests, however, that Plaintiff failed to file an external appeal and, thus, did not fully exhaust his administrative remedies (id. ¶ 8).

In addition to Fisher's affidavit and the copy of Policy DJ-3, Defendant submits an excerpt from the "MCSO Rules and Regulations" (id., Ex. A2); a blank inmate grievance form (id., Ex. A3); and a copy of the grievance and grievance appeal Plaintiff filed related to his claim in this case (id., Attach. A4).

The Court issued an Order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendant's contentions (Doc. # 14).[2] In response, Plaintiff argued that after he received the response to his Institutional Grievance Appeal on June 3, 2009, he attempted to obtain an External Appeal Form but never received one (Doc.

---

[1] In Count II, Plaintiff presented a deliberate indifference claim against a John Doe Defendant. The Court did not dismiss the Doe Defendant but did not order service on him, advising Plaintiff that he could amend his First Amended Complaint if he discovered his identity (Doc. # 10 at 4).

[2] Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

# 15, Pl. Aff. ¶ 2). Plaintiff specifically alleged that he was told either that a staff member would be "right back" or that they were "out of forms" (id. at ¶ 3). Plaintiff states that the jail then went into lockdown status in early July and did not process any paperwork (id. at ¶ 4). Finally, Plaintiff asserts that on July 15, 2009, he wrote a letter detailing his attempts to obtain an external appeal form (id. at ¶ 5).

In reply, Defendant maintains that Plaintiff failed to exhaust his administrative remedies as to his medical claim (Doc. # 16). Defendant disputes that Plaintiff submitted a grievance on July 15, 2009, requesting an external appeal form. Rather, Defendant states that Plaintiff submitted a grievance on July 15, 2009, related to the receipt of hot meals and, therefore, the grievance response Plaintiff submitted does not relate to this action (id. at 2). Consequently, Defendant contends that Plaintiff has attempted to mislead the Court (id. at 3-4). In support of her reply, Defendant submits an affidavit of Inmate Hearing Unit Sergeant Johanne Hutchings (id., Ex. A, Hutchings Aff. ¶ 1). Hutchings attests that Plaintiff filed three grievances during his incarceration in the Maricopa County Jails; one grievance was related to his deliberate indifference claim and the other two were related to other conditions of confinement. In addition, Defendant submits copies of Plaintiff's grievances and responses thereto (id., Attachs.).

## III. Exhaustion Legal Standard

Under the PLRA, a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement

in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**IV.    Analysis**

As stated, Defendant bears the burden of proving lack of exhaustion and therefore must demonstrate that there were remedies available to Plaintiff. See Wyatt, 315 F.3d at 1119; Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005). While it is undisputed that a grievance procedure existed at the jail and Plaintiff availed himself of only the first two levels of the grievance procedure, the Court cannot hold that the final external appeal level was available to Plaintiff for the deliberate indifference claim alleged in his First Amended Complaint.

Plaintiff attests—and Defendant does not dispute—that upon receiving the institutional grievance appeal response on June 3, 2009, he attempted to obtain an external appeal form but did not receive one (Doc. # 15, Pl. Aff. ¶ 2). Plaintiff specifically alleged that he knew the grievance procedure required him to file an external grievance appeal within 24 hours of his receipt of the institutional grievance appeal response but his requests for a form were ignored. Plaintiff went on to state that all inmates were subsequently placed in lockdown status until early July, which stopped all grievance paperwork processing. As a result, Plaintiff alleged that he submitted a letter on July 15, 2009, attempting again to obtain an external appeal form. Plaintiff also submitted a grievance response to demonstrate that no grievances were processed during the lockdown.

In her reply, Defendant argues that the grievance response Plaintiff submitted is unrelated to his medical care grievance. But Defendant misunderstood the significance of the July 17, 2009 grievance response; Plaintiff apparently submitted the grievance response in an attempt to show that inmates had been in lockdown and no grievance paperwork was processed at that time.

It is well-settled that where prison officials obstruct an inmate's ability to satisfy the

- 4 -

exhaustion requirement, no administrative remedies are available. Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) (possible exceptions to the PLRA exhaustion requirement include when administrative procedures are unavailable and when prison officials obstruct a prisoner's attempt to exhaust); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it") (citations omitted); Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004) ("If prison employees refuse to provide inmates with [ ] appeal forms when requested, it is difficult to understand how the inmate has any available remedies."). Plaintiff has consistently argued that he unsuccessfully attempted to obtain an external grievance appeal form on June 3, 2009, and was then was placed in lockdown where no grievance paperwork was processed. Defendant does not address these contentions. As a result, Defendant has not met her burden to establish nonexhaustion and the motion to dismiss will be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion to Dismiss (Doc. # 13).

(2) Defendant's Motion to Dismiss (Doc. # 13) is **denied**.

DATED this 30th day of June, 2010.

_____
G. Murray Snow
United States District Judge