WO                                                                              **JWB**

NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Charles L. Johnson, | No. CV 09-0971-PHX-GMS (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Nurse Pam, | |
| Defendant. | |

Plaintiff Charles L. Johnson brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Nurse Pam (CA 817) (Doc. 9). Plaintiff moves for summary judgment and the motion is fully briefed (Docs. 29, 34, 36). The Court will deny Plaintiff's motion.

**I.      Background**

Plaintiff's claim arose during his incarceration at the Fourth Avenue Jail in Phoenix, Arizona (Doc. 9 at 1).[1] Plaintiff alleged that Defendant was deliberately indifferent to Plaintiff's serious medical needs by "repeatedly ignoring Plaintiff's complaints that he needed a new catheter and that his old one was causing infection, by failing and/or refusing to order a proper sized catheter or refer Plaintiff to a person qualified to do so, by repeatedly proffering a wrong sized catheter to Plaintiff and expecting him to make do with it, and by

---

[1] Plaintiff also presented a second claim of deliberate indifference claim against a John Doe Defendant (Doc. 9 at 7-8). The Court did not dismiss the Doe Defendant but did not order service on him, advising Plaintiff that he could amend his First Amended Complaint if he discovered his identity (Doc. 10 at 4).

1
2
3

simply shrugging when he complained about it" (id. at 3).  The Court required Defendant to answer the claim (Doc. 10).  Thereafter, Defendant unsuccessfully moved to dismiss and the parties began discovery.   Plaintiff moves for summary judgment (Doc. 29).

4

**II.      Motion for Summary Judgment**

5

**A.      Plaintiff's Contentions**

6
7
8
9
10
11
12
13

Plaintiff argues that his medical records detail the treatment he received for his prostate condition (id. at 2).  Plaintiff describes his medical records and argues that "Maricopa County Jail Medical Department Officials" failed to provide the medical treatment ordered by the Arizona Department of Corrections and the Pima County Jail (id. at 5).  Specifically, Plaintiff claims that the jail's medical staff's failure to provide the appropriate medical supplies resulted in Plaintiff using the same catheter for nearly four months, which caused Plaintiff to suffer infections and pain (id.).  In support of his motion, Plaintiff attaches his medical records (id., Exs.).

14

**B.      Defendant's Response**

15
16
17
18
19
20
21
22
23
24
25

Defendant argues that Plaintiff's summary judgment motion must be denied because he did not file a separate statement of facts as required by Local Rule of Civil Procedure 56.1(a) (Doc. 33).  Additionally, Defendant points out that Plaintiff did not submit an affidavit or other sworn testimony to support his claim (id. at 3).  Substantively, Defendant maintains that she was not deliberately indifferent to Plaintiff's serious medical needs because the first time she received an Inmate Request Form from Plaintiff was on April 25, 2009.  After receiving the request, Defendant avers that she offered Plaintiff a size 14 catheter, but Plaintiff refused the catheter without explanation (id. at 5).  Defendant further argues that she forwarded Plaintiff's chart to a medical provider, Plaintiff saw a provider on April 29, 2009, the correct size catheters were ordered on May 1, 2009, and Plaintiff received his catheters weekly until his release from jail (id.).

26
27
28

Defendant submits her statement of facts (Doc. 34, Def.'s Statement of Facts (DSOF)), her affidavit (id., Ex. A, Brooks Aff.), and copies of Plaintiff's medical requests and records (id., Exs. B-I).

1

**C.      Plaintiff's Reply**

2      Plaintiff replies that it was not until he threatened legal action that he received the

3 appropriate medical supplies (Doc. 36 at 4).  Plaintiff argues that he told "doctors, nurses,

4 and staff" about his need for a size 12 catheter but used the same catheter for 126 days (id.

5 at 5).  Further, Plaintiff argues that jail medical staff was aware of his medical needs from

6 his transfer documents, which indicate that Plaintiff is required to self-catheter due to

7 ongoing urinary and prostate problems (id. at 7).

8 **III.     Summary Judgment Legal Standard**

9      A court must grant summary judgment "if the pleadings, the discovery and disclosure

10 materials on file, and any affidavits show that there is no genuine issue as to any material fact

11 and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see

12 also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Under summary judgment

13 practice, the movant bears the initial responsibility of presenting the basis for its motion and

14 identifying those portions of the record, together with affidavits, that it believes demonstrate

15 the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323; Devereaux v.

16 Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

17      If the movant meets its burden with a properly supported motion, the burden then

18 shifts to the nonmovant to present specific facts that show there is a genuine issue for trial.

19 Fed. R. Civ. P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see

20 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The nonmovant need not

21 establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed

22 factual dispute be shown to require a jury or judge to resolve the parties' differing versions

23 of the truth at trial."  First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89

24 (1968).  By affidavit or as otherwise provided by Rule 56, the nonmovant must designate

25 specific facts that show there is a genuine issue for trial.  Anderson, 477 U.S. at 249;

26 Devereaux, 263 F.3d at 1076.  The nonmovant may not rest upon the pleadings' mere

27 allegations and denials, but must present evidence of specific disputed facts.  See Anderson,

28 477 U.S. at 248.

1    At summary judgment, the judge's function is not to weigh the evidence and

2 determine the truth but to determine whether there is a genuine issue for trial.  Id. at 249.  In

3 its analysis, the court must believe the nonmovant's evidence, and draw all inferences in the

4 nonmovant's favor.  Id. at 255.

5 **IV.    Analysis**

6    To prevail on an Eighth Amendment medical-care claim, a prisoner must demonstrate

7 "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th

8 Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a

9 "serious medical need" and (2) that the defendant's response was deliberately indifferent.

10 Jett, 439 F.3d at 1096 (citations omitted).

11    A "'serious' medical need exists if the failure to treat a prisoner's condition could

12 result in further significant injury or the 'unnecessary and wanton infliction of pain.'"

13 McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX

14 Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal citation

15 omitted).

16    To act with deliberate indifference, a prison official must both know of and disregard

17 an excessive risk to inmate health; the official must both be aware of facts from which the

18 inference could be drawn that a substantial risk of serious harm exists, and he must also draw

19 the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In the medical context,

20 deliberate indifference may be shown by a purposeful act or failure to respond to a prisoner's

21 pain or possible medical need and harm caused by the indifference.  Jett, 439 F.3d at 1096.

22 Prison officials are deliberately indifferent to a prisoner's serious medical needs if they deny,

23 delay, or intentionally interfere with medical treatment.  Wood v. Housewright, 900 F.2d

24 1332, 1334 (9th Cir. 1990).  But a delay in providing medical treatment does not constitute

25 an Eighth Amendment violation unless the delay was harmful.  Hunt v. Dental Dep't, 865

26 F.2d 198, 200 (9th Cir. 1989) (citing Shapley v. Nevada Bd. of State Prison Comm'rs, 766

27 F.2d 404, 407 (9th Cir. 1985) (per curiam)).  To establish deliberate indifference, a prisoner

28 must show that the delay led to further injury.  See Hallett v. Morgan, 296 F.3d 732, 746 (9th

- 4 -

1   Cir. 2002).

2          It is undisputed that Plaintiff suffered from a serious medical need.  Jett, 439 F.3d at

3   1096.  The Court therefore turns to whether Defendant's response to Plaintiff's serious

4   medical need was deliberately indifferent.  Id.  The Court finds that Plaintiff has not met his

5   burden to establish the absence of a genuine issue of material fact on this issue primarily

6   because his motion fails to identify *any* specific conduct on Defendant's part that would

7   support a finding that she was deliberately indifferent to Plaintiff's serious medical needs.

8   Indeed, none of Plaintiff's citations to his medical records relate to Defendant specifically

9   and, therefore, do not demonstrate what *Defendant* did to deny, delay, or intentionally

10  interfere with Plaintiff's medical treatment.  Wood, 900 F.2d at 1334.  When a prisoner

11  attempts to hold a prison employee responsible for deliberate indifference, the prisoner must

12  establish individual fault.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  "The prisoner

13  must set forth specific facts as to each individual defendant's deliberate indifference."  Id.

14  at 634.  At this time, Plaintiff has not established what Defendant did that was deliberately

15  indifferent and, for this reason alone, Plaintiff is not entitled to summary judgment.

16         Moreover, Defendant introduces evidence that the first written request for medical

17  treatment she personally received from Plaintiff was on April 25, 2009, when Plaintiff

18  requested to see a urologist (Doc. 34, Ex. A, Brooks Aff. ¶ 6).  Defendant contends that she

19  responded to Plaintiff's request and offered him a size 14 catheter, which Plaintiff refused

20  without explanation (id. ¶ 8).  Defendant further attests that after her interaction with

21  Plaintiff, she referred his chart to a medical provider, Plaintiff saw a medical provider on

22  April 29, 2009, size 12 catheters were ordered for Plaintiff on May 1, 2009, and Plaintiff

23  received the correct catheters fourteen times between May 4 and August 17, 2009 (id. ¶¶ 11-

24  13).  This evidence is sufficient to create a genuine issue of material fact as to whether

25  Defendant is responsible for the delay Plaintiff experienced in receiving size 12 catheters

26  between January and April 2009.  As a result, Plaintiff's motion for summary judgment must

27

28

- 5 -

1    be denied.[2]

2    **IT IS ORDERED:**

3      (1)    The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion

4    for Summary Judgment (Doc. 29).

5      (2)    Plaintiff's Motion for Summary Judgment (Doc. 29) is **denied**.

6      DATED this 27th day of January, 2011.

7

8                _H. Murray Snow_

9                    G. Murray Snow
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28         [2] Because the Court finds that Plaintiff is not entitled to summary judgment, the Court need not address Defendant's procedural objections to Plaintiff's motion.

- 6 -