| | |
|---|---|
| WO | JWB |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Charles L. Johnson, )  No. CV 09-0971-PHX-GMS (ECV)
)
       Plaintiff, )  **ORDER**
)
vs. )
)
Nurse Pam, )
)
       Defendant. )
)

Plaintiff Charles L. Johnson brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Nurse Pam (CA 817) (Doc. 9). The parties cross-move for summary judgment (Docs. 63, 74). Defendant also moves to strike Plaintiff's surreply (Doc. 81).

The Court will grant Defendant's summary judgment motion, deny Plaintiff's summary judgment motion, deny the motion to strike as moot, and dismiss this action with prejudice.

**I.  Background**

Plaintiff's claim arose during his incarceration at the Fourth Avenue Jail in Phoenix, Arizona (Doc. 9 at 1).[1]  Plaintiff alleged that Defendant was deliberately indifferent to Plaintiff's serious medical needs by "repeatedly ignoring Plaintiff's complaints that he needed a new catheter and that his old one was causing infection, by failing and/or refusing

---

[1] Plaintiff is an Arizona Department of Corrections inmate who was temporarily housed at the Fourth Avenue Jail to attend court proceedings (Doc. 64, Ex. 1).

to order a proper sized catheter or refer Plaintiff to a person qualified to do so, by repeatedly proffering a wrong sized catheter to Plaintiff and expecting him to make do with it, and by simply shrugging when he complained about it" (id. at 3). The Court required Defendant to answer the claim (Doc. 10).[2]

The parties now cross-move for summary judgment. The Court issued an Order informing Plaintiff of his obligation to respond to Defendant's motion (Doc. 65).[3]

## II. Legal Standards

### A. Summary Judgment

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Under summary judgment practice, the movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323.

If the movant meets its initial responsibility, the burden then shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 250 (1986) ; see Triton Energy Corp. v. Square D. Co., 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v.

---

[2] Plaintiff also presented a second claim of deliberate indifference against a John Doe Defendant (Doc. 9 at 7-8). The Court did not dismiss the Doe Defendant but did not order service on him, advising Plaintiff that he could amend his First Amended Complaint if he discovered Doe's identity (Doc. 10 at 4).

[3] Notice required under Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998).

Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citation omitted); see Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence, and draw all inferences in the nonmovant's favor. Id. at 255.

**B.     Deliberate Indifference**

To prevail on an Eighth Amendment medical-care claim, a prisoner must demonstrate "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" and (2) that the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (citations omitted).

A "'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal citation omitted). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In the medical context, deliberate indifference may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Prison officials are deliberately indifferent to a prisoner's serious medical needs if they deny, delay, or intentionally interfere with medical treatment. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). But a delay in providing medical treatment does not constitute an Eighth Amendment violation unless the delay was harmful. Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (citing Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam)). To establish deliberate

1 indifference, a prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002).

**III.  Analysis**

Defendant makes no argument that Plaintiff did not suffer from a serious medical need. See McGuckin, 974 F.2d at 1059-60 (examples of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain"). Thus, the deliberate-indifference analysis turns on whether Defendant acted with deliberate indifference to Plaintiff's serious medical need.

In his pleading, Plaintiff claimed that he was not provided with catheter supplies between January 2009—when he was transferred to the Fourth Avenue Jail from the Arizona Department of Corrections—and May 2009 (Doc. 9 at 3). Plaintiff alleged that upon his transfer to the jail, he informed Defendant of his need for a size 12 catheter to urinate and, therefore, attributes the delay in receiving catheter supplies to Defendant (id.).

In support of her summary judgment motion, Defendant introduces evidence that her first interaction with Plaintiff occurred on April 25, 2009, when she received a health needs request form from Plaintiff seeking a urology consultation (Doc. 64, Defendant's Statement of Facts (DSOF) ¶ 11; id., Ex. 4). In response to the request, Defendant reviewed Plaintiff's medical records, which reflected that Plaintiff needed "access to straight cath supplies" (id. ¶ 14; id., Ex. 3). Defendant attempted to supply Plaintiff with a size 14 catheter, which is a standard sized catheter, but Plaintiff refused it without explanation (id. ¶¶ 15-17). After Plaintiff's refusal of the catheter, Defendant referred Plaintiff's chart to the medical provider, Plaintiff saw the medical provider on April 29, size 12 catheters were ordered on May 1, and Plaintiff began receiving them on May 4 (id. ¶¶ 23-32).

On this record, Defendant has met her initial burden to present the basis of her motion and identify portions of the record that show an absence of a genuine issue of material fact. The burden now shifts to Plaintiff to present specific facts that a genuine issue exists. Fed.

R. Civ. P. 56(e).

In contrast, Plaintiff does not introduce *any* evidence that Defendant was aware of any request for catheter supplies prior to April 25, 2009. Indeed, none of Plaintiff's exhibits establish that he had any interaction with Defendant prior to April 25, 2009. To defeat summary judgment, Plaintiff must present evidence sufficient for a reasonable jury to return a verdict in his favor. Anderson, 477 U.S. at 248. Plaintiff's failure to adduce any evidence to indicate that Defendant was aware of Plaintiff's need for catheter supplies prior to April 25, 2009, precludes a finding that a genuine issue of material fact exists for trial.

With respect to the delay between April 25 and May 4, Plaintiff states that he "fe[lt] he shouldn't need to inform defendant of the correct size catheter, if she reviewed the medical records" (Doc. 74, Pl. Aff. ¶ 13). In support of this contention, Plaintiff references an Arizona Department of Corrections Special Needs Order authorizing Plaintiff to receive size 12 catheters. But, again, there is no evidence that Defendant was aware of this ADC order. To the extent that Plaintiff contends that Defendant *should* have been aware of his need for a size 12 catheter, this is insufficient to establish deliberate indifference. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." Farmer, 511 U.S. at 838. At most, Defendant's actions constitute negligence, which cannot form the basis for a constitutional violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence is insufficient to establish deliberate indifference). Further undercutting Plaintiff's argument is Defendant's immediate action on April 25 referring Plaintiff's chart to a medical provider, which resulted in Plaintiff's appointment with a provider four days later and size 12 catheters being ordered on May 1 (Doc. 64, DSOF ¶¶ 23-24, 28, 36, 39). These actions preclude a finding of deliberate indifference. Finally, Plaintiff introduces no evidence that the delay he experienced between April 25 and May 4 caused him any additional harm. Hallett v. Morgan, 296 F.3d 732, 744-46 (9th Cir. 2002) (prisoner alleging that delay of medical treatment evinces deliberate indifference must show that the delay led to further injury).

Nor does Plaintiff dispute that Defendant's status as a Licensed Practical Nurse precluded her from prescribing or dispensing medications or directing that particular treatment be provided to a patient. Consequently, there is no evidence in the record that Defendant had the ability to order size 12 catheters for Plaintiff and intentionally failed to do so. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) ("The prisoner must set forth specific facts as to each individual defendant's deliberate indifference."). For all these reasons, Defendant is entitled to summary judgment.

The Court notes that in his summary judgment motion, Plaintiff argues that "he was not provided with an outside urology consultation or any treatment that [was needed] for eight months" (Doc. 74 at 3). But this claim fails for two reasons. First, it is beyond the scope of the First Amended Complaint—Plaintiff claimed in his pleading that Defendant failed to provide him with necessary catheter supplies, not that she refused to arrange a urology consultation or to provide treatment for his medical needs (Doc. 9 at 3). Second, and more importantly, it is undisputed that, as a nurse, Defendant was not authorized to provide treatment or arrange consultations with outside medical providers (Doc. 64, DSOF ¶¶ 37-38). Consequently, Plaintiff's summary judgment motion will be denied.

**IV. Motion to Strike and Doe Defendant**

Because Defendant is entitled to summary judgment and Plaintiff's surreply has no bearing on the outcome of this case, the motion to strike will be denied as moot.

The remaining claim is Count II against John Doe (Doc. 9 at 4). In the Court's Screening Order, Plaintiff was directed to move to amend his pleading to identify the unknown Defendant (Doc. 10 at 4). Plaintiff did not move to amend his pleading within the Court's stated deadlines. See Doc. 53. As a result, the Court will dismiss the unknown Defendant.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion for Summary Judgment (Doc. 63), Plaintiff's Motion for Summary Judgment (Doc. 74), and Defendant's Motion to Strike (Doc. 81).

(2) Defendant's Motion for Summary Judgment (Doc. 63) is **granted**.

(3) Plaintiff's Motion for Summary Judgment (Doc. 74) is **denied**.

(4) Defendant's Motion to Strike (Doc. 81) is **denied as moot**.

(5) Defendant John Doe is **dismissed**.

(6) This action is dismissed with prejudice, and the Clerk of Court must enter judgment accordingly.

DATED this 7th day of November, 2011.

*G. Murray Snow*
G. Murray Snow
United States District Judge